| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------X<br>JAMES E. MCMILLAN III,<br><br>          Plaintiff,<br><br>     -against-<br><br>NEW YORK STATE BOARD OF ELECTIONS<br>and NEW YORK CITY BOARD OF<br>ELECTIONS,<br><br>          Defendants.<br>---------------------------------------------------------------X | <u>ONLINE PUBLICATION ONLY</u><br><br><br><u>ORDER</u><br><br>10-CV-2502 (JG) (VVP) |

A P P E A R A N C E S:

    JAMES E. McMILLAN, III
        1996 Nostrand Avenue
        Brooklyn, NY 11210
        Plaintiff, *pro se*

    ANDREW M. CUOMO
        Attorney General of the State of New York
        120 Broadway
        New York, NY 10271
    By:    Joel Graber
        Attorney for Defendant the New York State Board of Elections

    MICHAEL CARDOZO
        Corporation Counsel for the City of New York
        100 Church Street
        New York, NY 10007
    By:    Stephen Kitzinger
        Attorney for Defendant the New York City Board of Elections

JOHN GLEESON, United States District Judge:

        Plaintiff James E. "Jimmy" McMillan III is the founder and leader of the Rent is Too Damn High Party. As one might glean from the party's name, McMillan and his colleagues focus their political energies on the allegedly excessive amounts that landlords charge residential

tenants. McMillan has successfully petitioned for ballot access on three occasions, running for Governor of New York in 2006 and for Mayor of New York City in 2005 and 2009. He was ultimately defeated at the polls by Eliot Spitzer (in 2006) and Michael Bloomberg (in 2005 and 2009).

This case arises from McMillan's insistence that the party's emphatic name should appear on the ballot in its entirety. Though the full name appeared on the 2005 mayoral ballot, the word "Damn" was excised by the electoral authorities on the 2006 gubernatorial ballot and the 2009 mayoral ballot. McMillan contends that the abbreviated name – "Rent is Too High" – weakens his message and leads to voter confusion. Moreover, McMillan alleges that the word "Damn" was removed for religious reasons, and asserts that its elimination violates the First Amendment's Free Speech and Establishment Clauses. The complaint seeks damages of $50 million, and also requests permanent injunctive relief that would guarantee "Rent is Too Damn High" a place on all future ballots.

The defendants – the New York State and City Boards of Elections – made the decisions to edit the party name in 2006 and 2009. They deny any religious motive, and say that "Rent is Too Damn High" is simply too long for the ballot. Defendants point to the provisions of the Electoral Code that permit abbreviation of party names containing more than fifteen letters "whenever limitations of space so require." *See* N.Y. Elec. Law § 7-104(2) (electronic voting machines); *id.* § 7-106(10) (paper ballots). "Rent is Too Damn High" contains seventeen letters; defendants assert that they chose the thirteen-letter "Rent is Too High" because, in their view, it was the least intrusive abbreviation that would fit, and because McMillan provided no alternative suggestion.

2

McMillan is running for Governor of New York again this year.  When he filed this action, he also moved by order to show cause for a preliminary injunction requiring the defendants to allow "Rent is Too Damn High" on the general election ballot in November.[1]  At oral argument on the motion, however, McMillan and the defendants were able to reach a mutually acceptable middle ground between "Rent is Too Damn High" and "Rent is Too High."  They agree that a different abbreviation – "Rent is 2 Damn High" – would accommodate both sides' concerns.  This fifteen-character name is not subject to abbreviation under the electoral laws.  Most importantly for McMillan, it preserves the intensifying force of the word "Damn."

By agreeing to this compromise position, McMillan mooted his request for preliminary injunctive relief requiring the full, seventeen-character version of the party's name.  The agreement removes any dispute with regard to the forthcoming election.  Accordingly, the motion for a preliminary injunction is denied as moot.

So ordered.

John Gleeson, U.S.D.J.

Dated:     June 25, 2010
           Brooklyn, New York

---

[1] McMillan is also pursuing the Democratic Party's nomination for Governor.